## **TABLE OF CONTENTS**

Table of Citations…………………………………………………………………….. ii.

Statutes And Other Legal Authorities…………………………………………………… iii.

Introduction…………………………………………………………………………… 1.

Relevant Law………………………………………………………………………….. 2.

Argument………………………………………………………………………………. 3.

Conclusion……………………………………………………………………………… 10.

Certificate of Service…………………………………………………………………… 12.

## TABLE OF CITATIONS

**Page(s)**

Fischer v. United States,
529 U.S. 667 (2000)………………………………………………………………………7,9

United States v. Bobo,
344 F.3d 1076, 1083 (11th Cir.2003)………………………………………………………..4

U.S. v. Frega,
933 F.Supp. 1536, (S.D. California 1996)…………………………………………………6,7

United States v. Ganim,
 225 F. Supp. 2d 145,162-63…………………………………………………………………3

United States v. Hart,
70 F.3d 854 (6th Cir. 1995), aff'd, 70 F.3d 854 (1995),
cert. denied, 116 S. Ct. 1368 (1996)………………………………………………………7

United States v. LaHue,
998 F. Supp. 1182, 1184 (D. Kan. 1998)…………………………………………………..2

United States v. Mills
140 F.3d 630 (6th Cir. 1998)…………………………………………………6,8,9,10

United States v. Moeller
987 F.2d 1134, 1136 (5th Cir. 1993)………………………………………………………2

United States v. Sadlier,
649 F. Supp. 1560 (D. Mass. 1986)………………………………………………………7

United States v. Santopietro,
166 F.3d 88,93 (2d. Cir. 1999)……………………………………………………………7

U.S. v. Schmitz,
634 F.3d 1247, (11th Cir. 2011)……………………………………………………………5

United States v. Simas,
937 F.2d 459, 463 (9th Cir.1991)…………………………………………………………..6

United States v. Smith,
659 F. Supp. 833 (S.D. Miss. 1987)………………………………………………………7

United States v. Stewart,
727 F. Supp. 1068, 1072 (N.D. Tex. 1989)………………………………………………..8

United States v. Suarez,
263 F. 3d 468, 476 (6th Cir. 2001)…………………………………………………………2

United States v. Valentine,
63 F.3d 459, 461–62 (6th Cir.1995)………………………………………………………...6

United States v. Westmoreland,
841 F.2d 572, 575 (5th Cir.1988)………………………………………………………...7

United States v. Wyncoop,
11 F.3d 119, 120 (9th Cir.1993)…………………………………………………………8

## Statutes And Other Legal Authorities

                                                                                    Page(s)

18 U.S.C. 666……………………………………………………………………1,2,3,4,6,7,9

18 U.S.C. 371……………………………………………………………………………3

Criminal Resource Manual 1014:
Organization Receiving Benefits Under a Federal Program…………………………………7

Federal Rule of Criminal Procedure 12(b)(3)(B)…………………………………………..2,4

Fifth Circuit Manual of Model Criminal Jury
Instructions……………………………………………………………………………4,9

Fed.R.Crim.P. 7(c)(1)…………………………………………………………………..3

U.S. CONST. amend. VI…………………………………………………………………3

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NUMBER:12-CR-00299 |
| VERSUS | * | JUDGE RICHARD HAIK |
| QUINCY RICHARD, SR. | * | MAGISTRATE JUDGE MICHAEL HILL |

---

## DEFENDANT QUINCY MASON RICHARD SR.'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

### I.      INTRODUCTION

On August 14, 2013 the grand jury returned a Superceding Indictment charging the defendant with three separate counts relating to violations of 18 U.S.C. Section 666, a statute that criminalizes bribery involving federal funds.   With respect to these counts, the Government alleges that Defendants, Quincy Richard Sr. and John Miller, agents and board members, corruptly agreed to accept and did in fact accept a thing of value from a victim/candidate for the position of Superintendent of St. Landry Parish Schools intending to be influenced and rewarded in connection with a transaction and series of transactions of the SLPSB.

Defendant Quincy Mason Richard Sr., by counsel,  moves this court to dismiss All Counts alleging violations of 18 U.S.C. Section 666, along with the charge of conspiracy (18 U.S.C. 371) to violate Section 666.   All of these charges should be dismissed as (1) The Indictment is insufficient to allege a violation of section 666, Quincy Richard moves the Court, pursuant to Fed.R.Crim.P. 7(c)(1), 12(b)(3)(A) and 47, for an order dismissing the Indictment for lack of sufficiency under 18 U.S.C. 666(a)(1)(B). Defendant contends that the Indictment is insufficient for (1) failing to allege essential elements of the offense: more particularly the

1

identity of the federal program at issue and the identity of the business transaction or series of transactions of the St. Landry Parish School Board thus making it impossible for one to determine whether the aforementioned meets the requisite values set forth in 666 (2) the conduct charged by the government does not constitute a violation of 18 U.S.C. 666 because the minimum transaction valuation required by the statute exempts bona fide salaries, wages, fees, and other compensation either received by or promised by bribery defendants fall within scope of exception excluding such amounts from consideration with regard to bribery statute's three valuation elements (3) the Indictment is insufficient to allege a violation of section 666 therefore the Conspiracy charge is insufficient.  Furthermore, the counts as alleged in the superceding indictment are unconstitutionally vague and fail to provide the defendant with the legally required notice needed to mount a defense or plead double jeopardy in any future prosecution These Counts therefore should be dismissed pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B).

## II.      RELEVANT LAW

### FEDERAL RULE OF CRIMINAL PROCEDURE 12 12(b)(3)(B)

Federal Rule of Criminal Procedure 12 enables a Defendant to raise, at any time while the case is pending, a claim that the indictment fails to invoke the Court's jurisdiction or to state an offense.  Fed. R. Crim. P. 12(b)(3)(B).  Threshold legal issues, such as questions of jurisdiction, are properly addressed on a motion to dismiss the indictment.  See *United States v. McCormack*, 31 F.Supp. 2d 176, 180(D. Mass. 1998) (citing *United States v. Korn*, 557 F. 2d 1089, 1090 (5th Cir. 1977).   District courts have decided the precise issue here- whether an indictment sufficiently alleges a violation of section 666—on motions to dismiss.  See, e.g., *United States v. Moeller*, 987 F.2d 1134, 1136 (5th Cir. 1993); *United States v. LaHue*, 998 F. Supp. 1182, 1184 (D. Kan. 1998); *United States v. Stewart*, 727 F. Supp. 1068, 1072 (N.D. Tex. 1989).  Likewise,

2

numerous courts have decided constitutional challenges to the application of Section 666 upon a Motion to Dismiss. See, e.g., *United States v. Ganim*, 225 F. Supp. 2d 145,162-63; see also *United States v. Suarez*, 263 F. 3d 468, 476 (6th Cir. 2001) (noting that a challenge to the constitutionality of the application of Section 666 is a question of law).

## 18 U.S.C. 666(a)(1)(B) BRIBERY CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS

## (SOLICITING A BRIBE)

The federal funds bribery statute, 18 U.S.C. 666 provides in pertinent part:

(a.) Whoever, if the circumstance described in subsection (b) of this section exists—

(1)    Being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof—

(B)  corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5000 or more;

(c)   This section does not apply to bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business.

## 18 U.S.C. 371 CONSPIRACY TO COMMIT OFFENSE OR TO DEFRAUD UNITED STATES

Section 371 in pertinent part:

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to affect the object of the conspiracy—

## III. ARGUMENT

**A. The indictment is insufficient as it does not present the essential elements of 18 U.S.C 666 and does not notify the defendant of the charges to be defended against.**

The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right… to be informed of the nature and cause of the accusation." U.S. CONST. amend. VI.

This constitutional protection is implemented by Federal Rule of Criminal Procedure 7. For an indictment to be legally sufficient, it must notify the accused of the charges to be defended against. The indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed.R.Crim.P. 7(c)(1) (emphasis added). At any time while the case is pending, the court may hear a claim "that the indictment… fails to invoke the court's jurisdiction or to state an offense." FED. R. CRM. P. 12(b)(3)(B).  Even when an indictment "tracks the language of the statute, 'it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.' " *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir.2003) (citing *Russell v. United States*, 369 U.S. 749, 765, 82 S.Ct. 1038, 1048–49, 8 L.Ed.2d 240 (1962)).

For violations of 18 U.S.C. 666 (a)(1)(B), the government must plead the following elements:

1.  That John Miller and Quincy Richard were agents of St. Landry Parish School Board.
2.  That St. Landry Parish School Board was an organization that received in any one-year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, other form of Federal assistance;
3.  That John Miller and Quincy Richard corruptly solicited or demanded for the benefit of any person, or accepts or agrees to accept, anything of value from any person with the intent to be influenced or rewarded in connection with any business, transaction, or series of transactions of the St. Landry Parish School Board; and
4.  That the business transaction or series of transactions of the St. Landry Parish School Board involved anything of value of $5,000 or more.

18 U.S.C. 666; *see also* Fifth Circuit Manual of Model Criminal Jury Instructions 2.37B, at 186 (2012)

As discussed above, the Superceding Indictment must set forth the essential elements of the offense charged and contain a statement of facts and circumstances that will inform the

accused of the specific offense with which he is charged.   The counts of the Superceding Indictment fall far short of these requirements.

The Superceding indictment alleges that on September 24, 2012 at The Quarters Casino and Travel Plaza in Opelousas, Louisiana, the defendant, Quincy Richard, Sr., and John Miller, agents and board members of the St. Landry Parish School Board, corruptly agreed to accept and did in fact accept a thing of value from a victim/candidate for the position of Superintendent of the St. Landry Parish School Board intending to be influenced and rewarded in connection with a transaction and series of transactions of the SLPSB involving anything of value of $5000 or more, all in violation of Title 18, United States Code, Section 371.   Counts 2 and 3 of the superceding indictment merely adds the language "aided and abetted" however neither provide any further factual basis than that what is alleged in Count I of the superceding indictment. While this language tracks 18 U.S.C. 666, the federal-funds counts allege no facts or circumstances that inform Quincy Richard, Sr. of these specific charges. The Superceding Indictment lacks the most basic factual element as it fails to even name which of the five (5) candidates for Superintendent of St. Landry Parish Schools the Defendant allegedly accepted something of value leaving the Defendant open to future prosecution of the same offense.  As a result, the allegations of bribery counts are insufficient as a matter of law.

In *U.S. v. Schmitz,* 634 F.3d 1247, (11th Cir. 2011), the Court held that the Indictment alleging that defendant, while employed by a federally-funded program and receiving federal benefits therefrom, embezzled, stole, obtained by fraud and without authority converted to her own use, and intentionally misapplied the salary she received, was insufficient, without more, to support prosecution for theft concerning a program receiving federal funds; indictment lacked a statement of facts and circumstances to inform defendant of the specific offense, coming under

5

the general description, with which she was charged, and it did not incorporate in the federal-funds counts the fraud allegations in the mail fraud counts of the indictment. Like *Schmitz*, the Superceding Indictment states factual elements regarding the St. Landry Parish School Board's methods of selecting the Superintendent of the school system without providing any factual statements which would support a violation of Section 666.

The Superceding Indictment's absence of factual elements sufficient to identify the transaction or series of transactions of the St. Landry Parish School Board, prohibits the defendant the opportunity to determine whether the business transaction(s) of the St. Landry Parish School Board has a value of $5000 and undermine the sole creation of Section 666. "Municipal and state officials taking bribes does not constitute federal offense unless $5,000 requirement of bribery statute concerns value to state or municipal government." *Santopietro v. U.S.*, 948 F.Supp. 145, (D.Conn.1996).

In *U.S. v. Frega*, 933 F.Supp. 1536, (S.D. California 1996), the court dismissed the Count alleging a violation of Section 666 which actually named the business or transaction of the organization but failed to provide the $5000 valuation element where the defendants, two judges, allegedly accepted bribes in exchange for favorable verdicts in cases in which they presided over.

"However, the indictment fails to allege that these cases were valued at $5,000 or more, as is required by the statute.

This omission appears to be more than a simple technical error, as it is unclear how the United States intends to value the cases that Adams and Malkus presided over. The Court can conceive of at least three ways in which the cases could be valued: (1) the amount in controversy; (2) the ultimate settlement value or verdict; or (3) the value of the case to Frega. Nowhere does the indictment explain the Government's theory of valuation."

Significantly, if § 666 is used to prosecute non-federal employees who corruptly administer federal funds, even if federal funds are not directly

6

threatened, there is only one measure of value: the value of the funds corruptly transacted. See, e.g., *United States v. Valentine*, 63 F.3d 459, 461–62 (6th Cir.1995) (transactions were $8,363 misappropriated from copying fees and $7,000 of lost wages when employee labor was misappropriated for personal use); *United States v. Wyncoop*, 11 F.3d 119, 120 (9th Cir.1993) (transaction was $65,000 in federal student loans); *United States v. Simas*, 937 F.2d 459, 463 (9th Cir.1991) (transaction was stair cleaning project worth $5,790); *United States v. Westmoreland*, 841 F.2d 572, 575 (5th Cir.1988) (transactions were purchases of goods worth $14,482.92).

This ambiguity in calculating the transaction value, combined with the lack of ambiguity in other cases, indicates that the language of the statute is insufficiently clear to determine whether the statute was meant to apply to the situation at hand. "

*U.S. v. Frega*, 933 F.Supp. 1536, (S.D. California 1996).

If naming the transaction or series of transactions but failing to provide the $5000 valuation element was enough to warrant the Indictment insufficient as in *Frega*, the absence of both the actual transaction and the $5000 valuation element would surely deem the present Superceding indictment insufficient also as it would be extremely difficult to determine the value of the transaction to the organization if one is not aware of what the transaction is.

The Superceding Indictment also fails to identify the federal program at issue. With its omission,  the government prevents this Court and Richard from determining whether the program provided "benefits" under "a federal assistance program" under the analysis required by the Supreme Court in *Fischer v. United States*, 529 U.S. 667 (2000). Without the identity of the federal program, it is also impossible to determine whether the program complies with the scope of prosecution under 666 expressed in the Criminal Justice Resource Manual of the Department of Justice ("the DOJ manual") itself. The DOJ manual states as follows:

Title 18 U.S.C. § 666(b) requires that the organization receive benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance. This provision covers a wide variety of state and local government agencies, such as city police

departments, county governments and private organizations such as hospitals. See *United States v. Westmoreland*, 841 F.2d 572 (5th Cir.), cert. denied, 488 U.S. 82 (1988); *United States v. Smith*, 659 F. Supp. 833 (S.D. Miss. 1987); *United States v. Hart*, 70 F.3d 854 (6th Cir. 1995), aff'd, 70 F.3d 854 (1995), cert. denied, 116 S. Ct. 1368 (1996); *United States v. Sadlier*, 649 F. Supp. 1560 (D. Mass. 1986).

Courts have interpreted this clause to require that the organization receive and administer the $10,000 in benefits, rather than merely be an indirect beneficiary. Thus the Ninth Circuit held that a college that receives no Federal funds directly, but merely receives indirect benefits in the form of its students' Federally funded tuition loans, is not covered by the statute. *United States v. Wyncoop*, 11 F.3d 119 (9th Cir. 1993). Similarly, an accounting firm hired to administer Federal housing funds by paying landlords from a Federal account was not an "organization receiving benefits." *United States v. Webb*, 691 F. Supp. 1164 (N.D. Ill. 1988).

**Furthermore, 18 U.S.C § 666(c) specifically exempts benefits that are bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed in the usual course of business.** Federal government money paid to purchase goods in a commercial transaction are not "benefits" under the statute. *United States v. Stewart*, 727 F. Supp. 1068 (N.D. Tex. 1989).

Criminal Resource Manual 1014:  Organization Receiving Benefits Under a Federal Program (emphasis added).

Federal Programs, such as Title I, providing funds for education would not suffice to fulfill the jurisdictional requirement under 666 as 1.) federal program funds are provided to the school districts to be spread amongst the school within the district, 2.) the school districts and the school boards are separate entities under Louisiana law as the school board is created and provided for by the Louisiana Legislature under Article IX of the Louisiana Constitution with its only function is to be a governing body to the school system and thus the school district/system receives benefits from federal funds and not the school board itself, and 3.) the federal programs providing funding to the school districts can only be used for its specific purpose and/or provide benefits that are bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed in the school district's usual course of business.

8

"In its drafting of the statute, Congress made clear that, despite its abhorrence for acts of bribery, not every such misdeed should be subjected to federal oversight and punishment. Rather, by including in the legislation the various monetary prerequisites, Congress evidenced its intent that only the most serious instances of governmental corruption should be policed by the federal judiciary." *U.S. v. Mills*, 140 F.3d 630, (6th Cir. 1998).  As such, the absence of information stating the identity of the transaction and series of transactions of the SLPSB accompanied with the lack of the identity of the federal program the SLPSB receives benefits prohibits the ability of the defendant to ascertain the value of each which is fatal as they provide the threshold amounts which invokes Federal jurisdiction for violations of 18 U.S.C. 666. Therefore the supercedeing indictment's absence of the aforementioned renders it insufficient to support federal jurisdiction, unconstitutionally vague, and inadequate to apprise the defendant of the charges being brought against him.

**B. The conduct charged by the government does not constitute a violation of 18 U.S.C. 666 because the minimum transaction valuation required by the statute exempts bona fide salaries, wages, fees, and other compensation either allegedly promised by defendants fall within scope of exception excluding such amounts from consideration with regard to bribery statute's three valuation elements.**

Courts must guard against "turn[ing] almost every act of fraud or bribery into a federal offense, upsetting the proper federal balance." *Fischer v. United States*, 529 U.S.667,681, 120 S.Ct 1780, 1788 (2000). In drafting Section 666, Congress incorporated in the text of the statute a second restriction to limits its reach.

18 U.S.C. 666

>        (c)  This section does not apply to bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business.

 In determining whether the defendant is guilty of this offense, do not consider bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual

course of business. *Fifth Circuit Manual of Model Criminal Jury Instructions* 2.37B, at 186 (2012).

To survive a motion to dismiss, an indictment must allege that bribers were paid in connection with a transaction that was not bona fide.

> "Pursuant to bona fide salary exception to bribery statute, bona fide salaries paid to deputy sheriffs who allegedly secured their positions through illegal transactions could not be considered in determining whether statute's $5,000 transactional valuation element was satisfied." "In this case, the government failed to allege that the salaries received by individuals who paid bribes to obtain employment positions within the Shelby County government were unnecessary or unjustified."

*U.S. v. Mills*,140 F.3d 630, (6th Cir. 1998).

In *Mills*, the Court reasoned that the Indictment's lack of alleging that the jobs in question were unnecessary negated the government's argument that salaries paid to the deputies were not bona fide and properly earned in the usual course of business.  Here, not only does the government not allege that the position of Superintendent was unnecessary but the Superceding Indictment actually states that the position of Superintendent of the SLPSB was vacant.

As such, even if the Superceding Indictment attempted to allege that John Miller and Quincy Richard corruptly solicited or demanded for the benefit of any person, or accepts or agrees to accept, anything of value from any person with the intent to be influenced or rewarded in connection with any business of the St. Landry Parish School Board and that business of the St. Landry Parish School Board was alleged to be the selection of the Superintendent for St. Landry Parish Schools, the salary received by the Superintendent could not be considered in determining whether statute's $5,000 transactional valuation element is satisfied despite being over $5000.

## IV. CONCLUSION

In summary, the Indictment lacks the requisite general statutory description and statement of the essential facts to inform Quincy Richard sufficiently of the specific charge against which he must defend and therefore should be deemed insufficient.  Furthermore, the conduct charged by the government does not constitute a violation of 18 U.S.C. 666 because the minimum transaction valuation required by the statute exempts bona fide salaries, wages, fees, and other compensation either received by or promised by bribery defendants fall within scope of exception excluding such amounts from consideration with regard to bribery statute's three valuation elements.

Therefore, all counts of the Indictment should be dismissed.

Respectfully submitted this 18th day of August, 2013.


s/Quincy M. Richard Jr.
Quincy M. Richard Jr.
2460 College Dr.
Baton Rouge, LA 70808
337-308-5096
Attorney for Defendant
Quincy M. Richard Sr.

CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2013, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which will send notification of such filing to Howard

Parker, USDOJ, et. al, and all counsel of record.

s/Quincy M. Richard Jr.
Quincy M. Richard Jr.